Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANNA ARMSTRONG and SAID GHOZLI on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WASSERMAN-TAXMAN, a co-partnership, DAVID WASSERMAN, STEVEN B. TAXMAN, individuals,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT-CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT** |

## I. INTRODUCTION

Plaintiffs bring this class action to secure redress against unlawful collection practices engaged in by above named Defendants. Plaintiffs allege violations of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"). Defendants have sent to Plaintiffs and class members collection letters which violate the FDCPA. Plaintiffs seek damages, declaratory and other relief.

## II. JURISDICTION AND VENUE

1.  This Court's jurisdiction arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d). Venue in this district is proper, because Plaintiffs reside here and Defendants transact business here and because Defendants' collection letter was received in this district.

///

COMPLAINT FOR VIOLATION OF THE FDCPA                1

III. **PARTIES**

1. Plaintiff Anna Armstrong ("Armstrong") is an individual who resides in San Francisco, California.

2. Plaintiff Said Ghozli ("Ghozli") is an individual who resides in San Francisco, California.

3. Defendant Wasserman-Taxman is a co-partnership with its principal place of business at 2960 Van Ness Avenue, San Francisco, California.

4. Defendant David Wasserman is an individual and is employed by the Wasserman-Taxman Co-partnership.

5. Defendant Steven B. Taxman is an individual and is employed by the Wasserman-Taxman Co-partnership.

6. Wasserman-Taxman Co-Partnership and the individual Defendants David Wasserman and Steven B. Taxman are hereinafter referred to as Defendants unless otherwise described..

IV. **STATEMENT OF FACTS**

7. Defendants sent their four (4) page collection letter dated December 19, 2003 to Plaintiffs in an attempt to collect a debt alleged to be due Profita Holding N.V. Plaintiffs received the letter shortly after it was sent.

8. The collection letter was the initial collection letter sent to Plaintiffs by Defendants. The letter concerned a debt that was incurred for personal family and household purposes, i.e. residential rent. The debt is a consumer debt as defined by 15 U.S.C. § 1692a(5).

9. A copy of the collection letter is attached as Exhibits A-1 through A-4.

10. Defendants' collection letter, with respect to disputing the debt reads:

> If you dispute the validity of this debt, **YOU** have **THIRTY (30) DAYS** following receipt of this **THREE DAY NOTICE** to dispute this debt's validity. All disputes **MUST** be in writing addressed to Wasserman-Taxman Law Offices, 2960 Van Ness Avenue, Suite A, San Francisco, CA 94109. The "dispute letter" should contain the dollar amount of the suspected error and a description of the error with an explanation a to why you believe there is an error.

11. Defendants' collection letter violates 15 U.S.C. § 1692g(a) as the statute does not require Plaintiffs to dispute the debt as stated by Defendants' in their collection letter.

12. Defendants' requirements for disputing the debt are false, deceptive and misleading in violation of 15 U.S.C. § 1692e and e(10).

13. Section 1692g(a) of the FDCPA requires Defendants to provide, in its initial communication the following:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt or any portion thereof the debt will be assumed to be valid by the debt collector;

14. Section 1692(g)(a) of the FDCPA also requires Defendants to provide, in its initial communication, the following:

> (4) a statement that if the consumer notifies the debt collector in writing within a thirty day period that the debt or any portion thereof is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

15. Defendants failed to provide the notice required by 15 U.S.C. § 1692g(a).

## V. CLAIM FOR RELIEF, VIOLATION OF THE FDCPA

16. Plaintiffs incorporate ¶¶ 1-15.

17. The sending of Exhibits A1 through A-4 violates 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a).

## VI. CLASS ALLEGATIONS.

18. This action is brought as a class action on behalf of (i) all persons with mailing addresses in the State of California (ii) to whom letters were sent by Defendants in the form represented by Exhibits A1 to A4, (iii) in an attempt to collect a debt incurred for residential household purposes, (iv) sent on or after a date one year prior to the filing of this action (v) which letters were not returned undelivered by the United States Postal Service.

19. Plaintiffs allege on information and belief based on Defendants use of form letters that the class is so numerous that joinder of all members is impractical. On information and

belief there are more than forty (40) class members.

20. There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members.  The principal question is whether Defendants' letter in the form of <u>Exhibits A1 to A4</u> violates 15 U.S.C. §§ 1692e, 1692e(10) and 1692g(a).

21. Plaintiffs' claims are typical of the class members.  All are based on the same facts and legal theories.

22. Plaintiffs will fairly and adequately represent the interests of the class members.

23. Plaintiffs have retained counsel experienced in debt collection abuse cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Individual cases are not economically feasible.

25. Congress expressly contemplated class actions to enforce the FDCPA.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the class, and against Defendants for:

(a) statutory damages;

(b) attorneys' fees, litigation expenses and cost of suit;

(c) such other or further relief the Court deems proper.

Dated: _____

                                              Irving L. Berg
                                              Attorney for Plaintiff